IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE, WASHINGTON

| | |
|---|---|
| SANDRA SPONCLER, as the personal representative of the Estate of GENE C. SPONCLER, deceased<br><br>Plaintiff<br>v.<br><br>BNSF RAILWAY COMPANY, f/k/a Burlington Northern and Santa Fe Railway Company<br><br>Defendant | NO.<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

COMES NOW the Plaintiff, SANDRA SPONCLER, and sues the Defendant, BNSF RAILWAY COMPANY, for a sum in excess of FIVE HUNDRED THOUSAND & 00/100 DOLLARS, and alleges:

## JURISDICTIONAL ALLEGATIONS

1.  This suit is governed by the Federal Employers' Liability Act, 45 U.S.C. Sec. 51 et seq., and the Federal Locomotive Inspection Act, 49 U.S.C. § 20701 et seq., which grants this Court jurisdiction over this action.

2.  Plaintiff, Sandra Sponcler, is an adult individual residing at 3421 E. Appaloosa Avenue, Chattaroy, Washington 99003, who is the widow of Gene C. Sponcler and the representative of his estate.

Anderson & Mitchell, PLLC
100 S. King St., Suite 560
Seattle, WA 98104
Phone: (206) 436-8490
Fax: (206) 436-8491

3. Plaintiff's husband, Gene C. Sponcler died on January 25, 2016.

4. Defendant, BNSF Railway Company f/k/a Burlington Northern and Santa Fe Railway, successor in interest to Great Northern Railway; Burlington Northern Railroad; Atchison, Topeka and Santa Fe Railway; amongst others, was at all times relevant hereto, engaged in interstate commerce in and throughout several states of the United States as a common carrier by rail and for the purposes hereof did operate locomotives, railroad cars and repair facilities and transacted substantial business throughout the various states of the United States.

5. The events giving rise to the claim asserted by Plaintiff herein occurred at least in part within the geographic jurisdiction of this Court, and therefore, venue in this Court is proper.

6. Railroads and their facilities are notorious for having been contaminated from years of transporting toxic substances and from the use of toxic substances and known carcinogens in the operation of the railroads themselves.

7. From 1963 to 2004 Plaintiff's Decedent was employed by Defendant Railroad, BNSF, or its predecessor in interest, as a laborer and brakeman/conductor, who was acting in the course and scope of his employment with Defendant and was engaged in the furtherance of interstate commerce within the meaning of said Act.

8. During the course and scope of his career with the Defendant railroad and while working in the Defendant's yards, buildings, locomotives and along its right of ways, including but not limited to the yards in Spokane, Washington to Seattle, Washington, as well as Idaho and Montana, the Plaintiff's Decedent was exposed to various toxic substances and carcinogens including but not limited to diesel fuel/fumes/exhaust, benzene, creosote, herbicides, and asbestos and fibers.

9. Specifically, while riding in locomotives, Plaintiff's Decedent was exposed to: diesel fuel/exhaust and benzene from the locomotive's exhausts; asbestos dust from locomotive insulation and brake shoes and; herbicides from riding "spray trains". While walking on the rights-of-way inspecting cars, tying on and releasing freight car brakes, cutting and coupling cars and lacing air hoses, Plaintiff's Decedent was exposed to: creosote from the rail ties and chemical defoliants.

10. Plaintiff's Decedent's exposure to the above referenced toxic substances and known carcinogens, whether by touch, inhalation or consumption, in whole or in part, caused or contributed to his development of kidney cancer which metastasized to his bones.

11. Plaintiff's Decedent's exposure was cumulative and occurred at different and variable exposure levels over the course of his career depending on his work location.

12. The Plaintiff's Decedent's cancer is the result of the negligence of the Defendant railroad in that it utilized known cancer-causing materials in its operation, which the Defendant knew, or in the ordinary exercise of ordinary care should have known, were deleterious, poisonous, toxic and highly harmful to its employees' health.

13. Defendant's negligence consisted of:

    (a) Failing to use ordinary care and caution to provide the Plaintiff's Decedent with a reasonably safe place in which to work as required by the FELA;

    (b) Failing to take any effective action to reduce, modify or eliminate certain job duties, equipment or practices so as to minimize or eliminate the Plaintiff's Decedent's exposure to toxic materials and carcinogens;

    (c) Failing to test railroad facilities, equipment, yards, buildings, and right of ways for the presence of toxic materials and carcinogens;

    (d) Failing to engage in follow up monitoring of its facilities, equipment, yards, building, and right of ways for the presence of toxic materials and carcinogens;

(e) Failing to properly remediate known toxic materials and carcinogens from its facilities, equipment, yards, building, and right of ways

(f) Failing to periodically test employees such as the Plaintiff's Decedent for physical effects of exposure to toxic materials and carcinogens and failing to take appropriate action, including advising the Plaintiff's Decedent as to the test results;

(g) Failing to warn the Plaintiff's Decedent of the risk of contracting cancer or other diseases as a result of exposure to known carcinogens;

(h) Failing to make reasonable efforts to inspect or monitor the levels/amounts of exposure, of the Plaintiff's Decedent, to carcinogens;

(i) Failing to provide the Plaintiff's Decedent with the knowledge as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment to protect him from being poisoned and injured by exposure to carcinogens;

(j) Failing to provide locomotives with adequate and/or functional ventilation that should have filtered the air for toxins and carcinogens;

(k) Failing to utilize low emissions fuel such as bio-diesel for its locomotives and;

(l) Failing to provide the Plaintiff's Decedent with protective equipment designed to protect him from exposure to toxic materials and carcinogens.

14. The Locomotive Inspection Act, 49 USC § 20701 requires that locomotives are in proper condition and safe to operate without unnecessary danger of personal injury.

15. Instantly, the Defendant failed to provide the Plaintiff's Decedent with locomotives that had proper and adequate ventilation and/or air filtration systems, the failure of which allowed diesel fumes, dust, fibers and toxins to accumulate and, subsequently, be inhaled by the Plaintiff's Decedent.

16.     Generally, the railroad was in violation of 49 CFR § 229.7 which prohibits railroads from using any locomotive that "is not in proper condition or safe to operate without unnecessary peril to life or limb" and 49 CFR § 229.45 which states, in part, that "all systems and components on a locomotive shall be free of conditions that endanger the safety of the crew, locomotive or train". Furthermore and more specifically, the railroad was in violation of 49 CFR 229.43(a) that states that: "Products of combustion shall be released entirely outside the cab and other compartments. Exhaust stacks shall be of sufficient height or other means provided to prevent entry of products of combustion into the cab or other compartments under usual operating conditions."

17.     Additionally, the railroad failed to: install proper engine exhaust filters; utilize low emissions fuel such as bio diesel and; mandate cleaner burning engines from the locomotive manufacturers.

18.     The aforesaid occurrences were caused in whole or in part by the negligence of the Defendant and/or the negligence of the Defendant's agents, servants and/or employees.

19.     As a direct result of the negligence of the Defendant, the Plaintiff's Decedent experienced and endured pain, suffering, inconvenience, irritation, annoyance; suffered emotional distress; incurred medical expenses associated with diagnosis and treatment.

20.     As a result of the negligence of the Defendants, Plaintiff's Decedent sustained a loss of future benefits including loss of pension benefits due to his premature death.

21.     Plaintiff's Decedent suffered from a fear of death as a result of his cancer.

22.     Plaintiff seeks all damages recoverable under the FELA.

23.     Plaintiff's Decedent was never informed as to the cause of his cancer.

24.     Less than three (3) years before Plaintiff's Complaint was filed she first learned that

her husband's cancer was caused or contributed to by the negligence of the Defendant.

## JURY DEMAND

25. Plaintiff demands a trial by jury.

**WHEREFORE**, the Plaintiff, Sandra Sponcler, demands judgment against the Defendant, BNSF, in a sum in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) and the costs of this action.

Dated this 24th day of January, 2019.

_____
Wayne Mitchell, WSBA #24347.
Anderson & Mitchell, PLLC
100 S King Street, suite 560,
Seattle, WA 98104
Telephone: 206-436-8490
Email: wayne@andersonmitchell.com
Attorneys for Plaintiffs